10-5137-ag
Singh v. Holder

BIA
Elstein, IJ
A098 344 913

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT:
    JON O. NEWMAN,
    ROBERT A. KATZMANN,
    DENNY CHIN,
        *Circuit Judges.*

_____

SUKIWINDER SINGH,
        *Petitioner,*

    v.                                    10-5137-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Thomas B. Fatouros, Senior Litigation
                       Counsel; Imran R. Zaidi, Trial Attor-
                       ney; Geoffrey Mitchell, Law Clerk,
                       Office of Immigration Litigation, U.S.
                       Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukiwinder Singh, a native and citizen of India, seeks review of a December 2, 2010, decision of the BIA affirming the June 11, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukiwinder Singh*, No. A098 344 913 (B.I.A. Dec. 2, 2010), *aff'g* No. A098 344 913 (Immig. Ct. N.Y. City June 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications, like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on, . . . the consistency between the applicant's or witness's written or oral statements, . . . the internal consistency of each such statement, the consistency of such statements with other

-2-

evidence of record, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

Substantial evidence supports the agency's adverse credibility determination. In finding Singh not credible, the IJ relied on several inconsistencies in the record. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. For example, Singh's testimony was inconsistent with his parents' letter regarding the length of his 1999 detention and whether police harassed them at home on hundreds of occasions. In addition, Singh made inconsistent assertions regarding whether or not his mother had been arrested. The agency reasonably declined to credit Singh's explanations for these discrepancies based on the amount of time he had to correct his application and evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

As Singh's credibility was called into question due to the inconsistences, the agency reasonably relied further on his failure to provide sufficient corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(recognizing that an asylum applicant's failure to corroborate his testimony may bear on his credibility,

-3-

"because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). The IJ specifically noted the inadequacy of Singh's parents' letter as corroborating evidence because it failed to mention critical details of Singh's claim.

Furthermore, while Singh's assertion that the IJ erred concerning his cousin-in-law's whereabouts from 1992 to 1997 is supported by the record, it does not amount to reversible error. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006) (remand is not required where a sufficient alternative basis supports the agency's determination).

Ultimately, the agency's adverse credibility determination was supported by substantial evidence and provided an adequate basis for denying Singh's application for asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Xiu Xia Lin*, 534 F.3d at 165-66; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)(recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

-4-

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk